**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-50901
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRIGO GALVAN-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

March 4, 1999

Before HIGGINBOTHAM, JONES, and WIENER, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether, by its nature, the offense of unauthorized use of a motor vehicle qualifies as a crime of violence under 18 U.S.C. § 16. Defendant-Appellant Rodrigo Galvan-Rodruiguez ("Galvan") challenges the district court's holding that his prior conviction for unauthorized use of a motor vehicle is a crime of violence, and therefore an "aggravated felony," for purposes of enhancing his sentence for illegal entry and reentry into the United States by 16 levels pursuant to § 2L1.2(b)(2) of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). Concluding that unauthorized use of a motor vehicle is a crime of violence, thereby justifying a 16 level

enhancement, we affirm Galvan's sentence.

## I.

### FACTS AND PROCEEDING

Defendant-Appellant Galvan was charged with illegal entry into the United States and reentry following deportation, in violation of 8 U.S.C. §§ 1325 and 1326, respectively. Galvan entered pleas of guilty, and a presentence report (PSR) followed. Pursuant to U.S.S.G. § 2L1.2, the guideline applied to defendants who are convicted of unlawfully entering, reentering, or remaining in the United States, the probation officer recommended that Galvan's base offense level of eight be increased by 16 levels, to 24, because he had been deported following conviction of an aggravated felony, to wit: unauthorized use of a motor vehicle. Additionally, Galvan was afforded a three level decrease for acceptance of responsibility, producing an offense level of 21.

Galvan objected to the PSR, contending that unauthorized use of a motor vehicle was not an aggravated felony warranting a 16 level enhancement. The district court overruled his objection. Based on Galvan's offense level of 21 and a criminal history category of V, the appropriate range of imprisonment was 70 to 87 months. Acting on its own, however, the district court departed downwardly by two levels, to 19, and sentenced Galvan to 60 months of imprisonment. Galvan timely appealed.

2

**ANALYSIS**

Galvan argues that the district court erred by assessing the 16 level aggravated felony enhancement under U.S.S.G. § 2L1.2(b)(2). He insists that unauthorized use of a motor vehicle is not a crime of violence as defined by 18 U.S.C. § 16.

An appellant's sentence must be affirmed unless it was imposed in violation of the law or was based on an erroneous application of the sentencing guidelines.[1] We review a challenge to the district court's interpretation of the Guidelines de novo.[2]

According to U.S.S.G. § 2L1.2, when a defendant has been deported and unlawfully reenters the United States, his offense level will be increased by 16 levels if he had been previously convicted of an "aggravated felony."[3] Application note seven following § 2L1.2 defines "aggravated felony" as "any crime of violence (as defined in 18 U.S.C. § 16, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years."[4] A "crime of violence" is:

---

[1]United States v. Velazquez-Overa, 100 F.3d 418, 419 (5th Cir. 1996), cert. denied, 117 S. Ct. 1283 (1997).

[2]Id. at 420.

[3]United States Sentencing Commission, Guidelines Manual, § 2L1.2(b)(2) (Nov. 1996).

[4]U.S.S.G. § 2L1.2, comment n.7. Galvan was sentenced to five years deferred adjudication for his conviction of

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, <u>by its nature</u>, involves a <u>substantial risk</u> that <u>physical force</u> against the person or property of another <u>may be used</u> in the course of committing the offense.[5]

The phrase "by its nature" in subsection (b) requires courts to employ a categorical approach —— without examining the underlying facts surrounding the conviction —— in determining whether an offense constitutes a crime of violence.[6]

On three separate occasions, we have examined specific offenses under the rubric of subsection (b) —— applicable to offenses that involve a <u>substantial risk</u> that physical force <u>may</u> ensue. We have held that indecency with a child,[7] burglary of a habitation,[8] and burglary of a nonresidential structure or vehicle[9] each involve a substantial probability that physical force on the person or property will occur, thereby warranting a 16 level

---

unauthorized use of a motor vehicle.

[5]18 U.S.C. § 16 (1994) (emphasis added).

[6]<u>Velazquez-Overa</u>, 100 F.3d at 421 ("A sentencing court need only consider the fact that [the defendant] was convicted and the inherent nature of the offense.").

[7]<u>Id.</u> at 419.

[8]<u>United States v. Guadardo</u>, 40 F.3d 102, 103-04 (5th Cir. 1994).

[9]<u>United States v. Ramos-Garcia</u>, 95 F.3d 369, 371 (5th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 351 (1997); <u>United States v. Rodriquez-Guzman</u>, 56 F.3d 18, 20 (5th Cir. 1995).

4

sentence enhancement under § 2L1.2(b)(2). Whether the offense of unauthorized use of a motor vehicle qualifies as a crime of violence, however, is a <u>res nova</u> issue in this circuit. Concluding that the risks of physical force being exerted during the commission of the burglary of a vehicle are substantially similar to the risks of such force occurring while operating a vehicle without the owner's consent, we hold that the offense of unauthorized use of motor vehicle is a crime of violence within the intendment of 18 U.S.C. § 16.

We have recognized that when analyzing the operative phrase "substantial risk," it is not necessary that "[the risk] <u>must</u> occur in every instance; rather a substantial risk requires a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur."[10] The elements of burglary of a vehicle are analogous to the elements of unauthorized use of a motor vehicle except that the additional element, "intent to commit a felony or theft," is needed to sustain a burglary conviction. Just as burglary of a vehicle involves a substantial risk that property might be damaged or destroyed in the commission of the offense, the unauthorized use of a vehicle likewise carries a substantial risk that the vehicle might be broken into, "stripped," or vandalized, or that it might become involved in an accident, resulting not only in damage to the

---

[10]<u>Rodriguez-Guzman</u>, 56 F.3d at 20 (emphasis added).

vehicle and other property, but in personal injuries to innocent victims as well.[11]

It is true that, as argued by Galvan, the unauthorized use of a vehicle will not always result in physical force to persons or property, as, for example, when a child takes the family car "joyriding" without parental consent; however, there is a strong probability that the inexperienced or untrustworthy driver who has no pride of ownership in the vehicle will be involved in or will cause a traffic accident or expose the car to stripping or vandalism. In fact, when an illegal alien operates a vehicle without consent, a strong probability exists that the alien may try to evade the authorities by precipitating a high-speed car chase and thereby risking the lives of others, not to mention significant damage to the vehicle and other property. As we perceive these risks to be substantial, Galvan's offense qualifies as a crime of violence and thus warrants a 16 level sentence enhancement.

## III

### CONCLUSION

For the aforementioned reasons, we hold that the unauthorized use of a motor vehicle, by its nature, qualifies as a crime of violence under 18 U.S.C. § 16. Accordingly, the district court

---

[11]See e.g., Coleman v. State, 802 S.W.2d 394, 395 (Tx. Ct. App. 1990) (conviction for unauthorized use of a motor vehicle supported by evidence of shattered glass from driver's side window and ignition wires ripped out of steering column).

6

properly assessed the 16 level aggravated felony enhancement under

§ 2L1.2(b)(2).  The judgment of the district court is therefore, in

all respects,

AFFIRMED.