**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-10529**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DOMINICK NIGEL TUTT,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:99-CR-270-1-A)**

February 14, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

On multiple grounds, Dominick Nigel Tutt challenges his conviction and sentence for being a felon in possession of a firearm.  Tutt entered a conditional guilty plea, reserving the right to appeal the denial of his motion to suppress.

Concerning that motion, Tutt contends the district court erred by *not* suppressing statements he made to an attorney and an investigator representing Clyde Jones, Jr., in whose residence firearms were found.  Tutt maintains the statements were subject to the attorney-client privilege under the common or joint defense exception to the rule that the privilege may be waived by making disclosures to third parties.  *See **In re Auclair**,* 961 F.2d 65, 69

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1992) ("Because the privilege protects only confidential communications, the presence of a third person ... eliminates the intent for confidentiality on which the privilege rests. The privilege is *not*, however, waived if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication." (emphasis added)). Tutt has failed to show the district court clearly erred in finding Tutt and Jones were *not* pursuing a joint defense. *See* *id.* (In fact, Tutt's testimony at Jones' trial that he (Tutt) owned the guns in Jones' apartment led to Jones' acquittal and later to Tutt's indictment.)

Next, Tutt maintains his disclosures to the attorney and the investigator were inadmissible hearsay. A statement is *not* hearsay if it "is offered against a party and is (A) the party's own statement...." FED. R. EVID. 801(d)(2); *see* **United States v. Dixon**, 132 F.3d 192, 198 (5th Cir. 1997) (discussing party admissions), *cert. denied*, 523 U.S. 1096 (1998). Furthermore, Tutt asserts the statements were *not* voluntarily made because he was *not* informed they could be used against him and because there was no showing he believed them to be true. This contention relies on the rule that a statement is *not* hearsay if the party has manifested an adoption or belief in its truth. FED. R. EVID. 801(d)(2)(B). This alternative hearsay exception does *not* preclude the admission of evidence under a separate exception.

Tutt claims also the Government should have been collaterally estopped from using the testimony in his case because it had

2

asserted in Jones' trial that the evidence was inadmissible hearsay. In that trial, the Government merely asserted that the statements where inadmissible hearsay when *offered against Jones*. Because this is *not* inconsistent with asserting the statements were *not* hearsay when *offered against Tutt*, the district court did *not* err.

Regarding his sentence, Tutt asserts the district court erred in holding his prior conviction for theft of a vehicle should be considered a "crime of violence". ***United States v. Galvan-Rodriguez*** held that a conviction for unauthorized use of a motor vehicle was a conviction for a crime of violence. 169 F.3d 217, 218-20 (5th Cir.), *cert. denied*, 528 U.S. 837 (1999). In the case at hand, the district court reasoned that, if *unauthorized use* of a motor vehicle is a crime of violence, then *theft* of a motor vehicle is even more so. Considering Tutt's prior conviction a crime of violence affected the computation of his base offense level under U.S.S.G. § 2K2.1(a)(4)(A). Tutt has failed to show that the district court erred in applying U.S.S.G. § 2K2.1(a).

Finally, Tutt claims the district court erred in departing upward from the guideline range based upon prior criminal conduct for which he had *not* been convicted. Tutt maintains the court's findings lack an adequate evidentiary basis. This contention is without merit; probation officer reviewed the arrest records and police reports, which provided enough detail to enable the officer to determine it was probable Tutt had committed the offenses. Tutt offered *no* evidence to rebut the information in the presentence

3

investigation report.  Therefore, without further inquiry or explanation, the district court was free to adopt that information as its findings.  *E.g., **United States v. Vital***, 68 F.3d 114, 120 (5th Cir. 1995).

**AFFIRMED**