IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20813
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY ERNESTO PEREIRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-146-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Tommy Ernesto Pereira appeals the 77-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. First, he argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 120 S. Ct. at 2362; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  Pereira's argument is foreclosed.

Next, Pereira argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent.  Because Pereira did not challenge his indictment in the district court, we review whether it was constitutionally sufficient under a "maximum liberality" standard.  <u>See</u> <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 236 (5th Cir. 2000).  Pereira's indictment "fairly imported that his reentry was a voluntary act" and satisfied the constitutional requirements of a valid indictment.  <u>See</u> <u>id.</u> at 236, 239 & n.13.

Finally, Pereira contends that his prior conviction for unauthorized use of a motor vehicle is not an aggravated felony within the meaning of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A).  He concedes that this argument is foreclosed by this court's decision in <u>United States v. Galvan-Rodriquez</u>, 169 F.3d 217, 219 (5th Cir.), <u>cert. denied</u>, 528 U.S. 837 (1999), but he seeks to preserve the issue for further review.

As each of Pereira's issues have been authoritatively decided against him, the judgment of the district court is

AFFIRMED.