IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 01-50528
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR ORTIZ-IRIGOYEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-142-ALL-H
--------------------
December 6, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Hector Ortiz-Irigoyen appeals from his sentence for illegal reentry after deportation. He argues that the district court erred by adjusting his guideline offense level by 16 levels pursuant to U.S.S.G. § 2L1.2 for having been deported after commission of an aggravated felony. Relying largely on *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001), Ortiz argues that his Oregon conviction of second-degree manslaughter, OR. REV. STAT. § 163.125(1)(a)(1999), was not an aggravated felony because his manslaughter offense was based on an accident that

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

occurred when he was driving drunk and because the requisite mens rea for his manslaughter offense was recklessness.

Ortiz pleaded guilty to an indictment that identified the Oregon manslaughter conviction as an aggravated felony, and he admitted in response to the factual resume that the conviction was an aggravated felony. He has thus waived any challenge to the classification of the manslaughter conviction as an aggravated felony for sentencing purposes. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

Even were the issue not waived, there is no error. In *Chapa-Garza*, we held that the Texas offense of felony DWI (driving while intoxicated) did not constituted an "aggravated felony" for purposes of U.S.S.G. § 2L1.2 and 18 U.S.C. § 16(b). *Chapa-Garza*, 243 F.3d at 927. We noted in *Chapa-Garza* our prior holding in *United States v. Galvan-Rodriguez*, 169 F.3d 217 (5th Cir.), *cert. denied*, 528 U.S. 837 (1999), that unauthorized use of a vehicle was a crime of violence. We held *Galvan-Rodriguez* consistent with *Chapa-Garza* "as it cannot be doubted that there is a substantial risk that physical force will be used against a vehicle in order to obtain the unauthorized access to it that is necessary for the commission of the offense of joyriding." *Chapa-Garza*, 243 F.3d at 927-28. Those recklessness offenses that by their nature present a substantial risk that physical force will be used constitute crimes of violence, as defined by 18 U.S.C. § 16(b), and therefore constitute aggravated felonies for purposes of U.S.S.G. § 2L1.2. *See Chapa-Garza*, 243 F.3d at 927-28. Ortiz's reckless second-degree manslaughter conviction,

which resulted in the death of another person, by definition presented a substantial risk that physical force against the person or property of another might be used in the course of committing the offense.

AFFIRMED.