IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20330
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSÉ NALASCO-AMAYA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-759-ALL
--------------------
November 6, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     José Nalasco-Amaya appeals his conviction and sentence for

illegal reentry.  He argues that the district court erred in

calculating his criminal history points by refusing to treat his

prior sentences for unauthorized use of a motor vehicle and

burglary of a motor vehicle as "related cases" under U.S.S.G.

§ 4A1.2(a)(2).  Given that the offenses did not occur

simultaneously, they were not committed against the same victim,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

they were not identical offenses, they were not committed at the same geographic location, they were separated by nearly 24 hours, and they resulted in Nalasco's receipt of two distinct sentences, it cannot be said that the district court erred in determining that these were separate offenses for purposes of calculating Nalasco's criminal history points.  United States v. Moreno-Arredondo, 255 F.3d 198, 201, 207 (5th Cir.), cert. denied, 122 S. Ct. 491 (2001).

Nalasco correctly concedes that his remaining arguments are foreclosed by this court's precedent, and he raises them only to preserve their further review.  His argument that the district court erred in treating his conviction for unauthorized use of a motor vehicle as an aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(C) is foreclosed by United States v. Galvan-Rodriquez, 169 F.3d 217, 220 (5th Cir. 1999).  His argument that the district court erred in refusing to suppress evidence of his prior deportation because the deportation proceeding violated his due process rights is foreclosed by United States v. Benitez-Villafuerte, 186 F.3d 651, 657 (5th Cir. 1999).  His final argument that the aggravated felony provision of 8 U.S.C. § 1326(b) is an element of the offense of illegal reentry which must be charged in the indictment and found by a jury beyond a reasonable doubt is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202

(2001).  We are bound by this court's precedent absent an intervening Supreme Court decision or a subsequent en banc decision.  <u>See United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

AFFIRMED.