IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20432
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMON ERNESTO CRUZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-368-ALL
--------------------
February 4, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ramon Ernesto Cruz appeals his conviction and sentence for illegal reentry. He argues that the evidence was insufficient to establish proper venue; that his conviction for unauthorized use of a motor vehicle was not an "aggravated felony" and therefore did not warrant an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C); and that the "felony" and "aggravated felony"

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Cruz's motion for judgment of acquittal was insufficient to preserve the venue issue for appellate review, and it is therefore waived. See United States v. Carbajal, 290 F.3d 277, 288-89 & n.19 (5th Cir.), cert. denied, 123 S. Ct. 34 (2002). Cruz concedes that his remaining arguments are foreclosed, and he seeks only to preserve their further review by the Supreme Court.

The issue whether Cruz properly received an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) is foreclosed by United States v. Galvan-Rodriguez, 169 F.3d 217, 219 (5th Cir. 1999), which held that the offense of unauthorized use of a motor vehicle is a crime of violence within the intendment of 18 U.S.C. § 16. We are bound by this court's precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Cruz's Apprendi argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

AFFIRMED.