United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41262
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE MEDRANO-NUNEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-452-ALL
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Noe Medrano-Nunez appeals his conviction and sentence for illegal reentry. He argues that his conviction for unauthorized use of a motor vehicle was not an "aggravated felony" and therefore did not warrant an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C); and that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Medrano concedes that these arguments are foreclosed, and he seeks only to preserve their further review by the Supreme Court.

The issue whether Medrano properly received an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) is foreclosed by United States v. Galvan-Rodriquez, 169 F.3d 217, 219 (5th Cir. 1999), which held that the offense of unauthorized use of a motor vehicle is a crime of violence within the intendment of 18 U.S.C. § 16. We are bound by this court's precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Medrano's Apprendi argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

AFFIRMED.