United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41128
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MAGALLANES-NIETO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-250-1
---------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jose Magallanes-Nieto (Magallanes) appeals his guilty-plea conviction and sentence for being unlawfully present in the United States following deportation. He argues that his prior Texas state conviction for unauthorized use of a motor vehicle was not an "aggravated felony" and, therefore, did not warrant an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). He also contends that the district court lacked jurisdiction to convict and sentence him because the felony and aggravated felony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provisions in 8 U.S.C. §§ 1326(b)(1) & (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Magallanes concedes that these arguments are foreclosed but seeks to preserve further review by the Supreme Court. This court has previously held that a conviction for unauthorized use of a motor vehicle is a crime of violence under 18 U.S.C. § 16 and will support the aggravated felony enhancement in § 2L1.2. United States v. Galvan-Rodriguez, 169 F.3d 217, 220 (5th Cir. 1999). We are bound by this court's precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Garcia Abrego, 141 F.3d 142, 151 n.1 (5th Cir. 1998).

Magallanes' Apprendi argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, Magallanes' conviction and sentence are AFFIRMED.