IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60634

JOSE ANGEL SERNA-GUERRA

Petitioner

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals

Before JOLLY[*], DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[**]

The sole issue presented in this petition for review is whether the Board of Immigration Appeals ("BIA") erred in concluding that a Texas conviction for the unauthorized use of a vehicle ("UUV"), Tex. Pen. Code § 31.07, constitutes an aggravated felony.[1]  Because this issue is foreclosed by Circuit precedent, see

---

[*] Judge Jolly concurs only in the order granting the motion for summary affirmance and denying as moot the alternative motion for an extension of time to file a responsive pleading.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Tex. Pen. Code § 31.07(a) provides that "[a] person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner."

Brieva-Perez v. Gonzales, 482 F.3d 356 (5th Cir. 2007), United States v. Galvan-Rodriguez, 169 F.3d 217 (5th Cir. 1999), we grant the motion for summary affirmance, thereby denying as moot the alternative motion for an extension of time to file a responsive pleading. For the following reasons, however, we urge and recommend that that precedent should be reconsidered and overruled by our en banc court.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Section 101(a)(43) of the Immigration and Nationality Act defines "aggravated felony" to include, inter alia, "a crime of violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(43)(F). Title 18 of the United States Code, Section 16, in turn, defines the phrase "crime of violence" to mean, inter alia, "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §16(b).

This court first addressed this issue in Galvan-Rodriguez, in which a panel of this court held that "the offense of unauthorized use of motor vehicle is a crime of violence within the intendment of 18 U.S.C. § 16." 169 F.3d at 219.[2] This court first noted that the phrase "substantial risk," as used in 18 U.S.C. § 16(b), does not necessarily mean that "[the risk] must occur in every instance; rather a substantial risk requires a strong probability that the event, in this case

---

[2] In Galvan-Rodriguez, this court reached the definition of "crime of violence" found in Section 16(b) through a different route. At the time that case was decided, Section 2L1.2(b)(2) of the Guidelines required the district court to enhance a defendant's sentence "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony" and application note seven defined "aggravated felony" to mean "any crime of violence" as defined in 18 U.S.C. § 16 (not including a purely political offense) "for which the term of imprisonment (regardless of any suspension of such imprisonment) is at least five years." United States Sentencing Commission, Guidelines Manual, § 2L1.2(b)(2) & cmt. 7 (Nov. 1996).

the application of physical force during the commission of the crime, will occur." Id. (quoting United States v. Rodriguez-Guzman, 56 F.3d 18, 20 (5th Cir. 1995)). This court then summarily concluded that "[j]ust as burglary of a vehicle involves a substantial risk that property might be damaged or destroyed in the commission of the offense, the unauthorized use of a vehicle likewise carries a substantial risk that the vehicle might be broken into, 'stripped,' or vandalized, or that it might become involved in an accident, resulting not only in damage to the vehicle and other property, but in personal injuries to innocent victims as well." Id.[3] This court recognized that "the unauthorized use of a vehicle will not always result in physical force to persons or property, as, for example, when a child takes the family car 'joyriding' without parental consent." Id. Nonetheless, this court continued:

> [H]owever, there is a strong probability that the inexperienced or untrustworthy driver who has no pride of ownership in the vehicle will be involved in or will cause a traffic accident or expose the car to stripping or vandalism. In fact, when an illegal alien operates a vehicle without consent, a strong probability exists that the alien may try to evade the authorities by precipitating a high-speed car chase and thereby risking the lives of others, not to mention significant damage to the vehicle and other property.

Id. at 219-20.[4]

---

[3] The comparison between burglary of a vehicle and UUV is dubious. The former requires as an element of the offense that the perpetrator "breaks into or enters the vehicle," whereas the latter has no such element; the perpetrator simply "operates . . . [the] vehicle without effective consent of the owner." Compare Tex. Pen. Code § 30.04 with Tex. Pen. Code § 31.07.

[4] The Supreme Court has subsequently rejected this entire rationale for finding a crime of violence under § 16(b). See Leocal v. Ashcroft, 543 U.S. 1, 11 (2004) ("Interpreting § 16 to encompass accidental or negligent conduct would blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes."); id. at 10 n.7 ("The 'substantial risk' in § 16(b) relates to the use of force, not to the possible effect of a person's conduct."); see also Ramirez v. Ashcroft, 361 F. Supp. 2d 650, 655-56 (S.D. Tex. 2005) (noting that Leocal repudiated this rational for finding a crime of violence under § 16(b)).

In United States v. Jackson, 220 F.3d 635, 639 (5th Cir. 2000), another panel of this court drew on the language in Galvan-Rodriguez that UUV involves a substantial risk that the vehicle might be involved in an accident to hold that UUV is a crime of violence under Section 4B1.2(a) of the Guidelines. The definition of a "crime of violence" in § 4B1.2(a) differs slightly from the § 16(b) definition and provides that "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). In short, § 16(b) focuses on whether there is a substantial risk that the crime will involve physical force against the person or property; § 4B1.2(a) focuses solely on whether there is a serious potential risk of physical injury to another person. In United States v. Charles, 301 F.3d 309, 314 (5th Cir. 2002) (en banc), this court clarified that simple motor vehicle theft under Texas law does not constitute a crime of violence under § 4B1.2(a) because although the perpetrator's conduct presents a risk of injury to property, i.e., the automobile, it does not present a serious potential risk of physical injury to another person. Thus, this court explicitly overruled Jackson and limited Galvan-Rodriguez to its property aspects and to § 16 cases. Id.

This court next addressed this issue in Brieva-Perez, in which another panel of this court found itself bound by Galvan-Rodriguez and concluded that the defendant's UUV conviction constitutes a crime of violence even though his conviction was for joyriding and involved no actual use of physical force. 482 F.3d at 360-61.

Subsequent to this court's decision in Brieva-Perez, however, the Tenth Circuit has harshly criticized our jurisprudence in this area. See United States

v. Sanchez-Garcia, 501 F.3d 1208 (10th Cir. 2007).[5] In that case, the Tenth Circuit addressed the issue of whether the unlawful use of means of transportation ("UUMT"), as defined under Arizona law, is a crime of violence under § 16.[6] The court first noted that "[l]ike any offense involving the unauthorized taking of property, it is clear there is some chance that destructive or violent force might be employed in the commission of UUMT when a person initially takes unauthorized control over a means of transportation." 501 F.3d at 1213. The court continued, however, that such risks are not "substantial" because UUMT "encompasses a broad range of conduct that does not present any risk of such force being used" such as driving a rental vehicle past the expiration of the rental agreement, borrowing a car that he or she knows is stolen, or taking another's keys and going joyriding. Id.

Recognizing that this court reached the opposite conclusion under Texas law in Galvan-Rodriguez, the Tenth Circuit stated, "the Galvan-Rodriguez court cited no authority and offered little explanation for its blanket statement that the risk of a vehicle being broken into, 'stripped,' and vandalized is indeed substantial." Id. at 1214 (internal quotations omitted). The court further noted that the Supreme Court in Leocal rejected much of our rationale in Galvan-

---

[5] A recent law review article has likewise criticized our jurisprudence in this area. See Heather Harrison Volik, Driving Down the Wrong Road: The Fifth Circuit's Definition of Unauthorized Use of a Motor Vehicle as a Crime of Violence in the Immigration Context, 39 St. Mary's L. J. 149, 155 (2007) ("Defining UUMV as a crime of violence is at odds with Leocal's guiding principles and with the reasoning of the criminal and immigration statutes at issue. The end result of the Fifth Circuit's error is lifetime bans of noncitizens for conduct that has none of the characteristics of a crime of violence."). Moreover, one district court judge sitting on this court by designation concluded that Galvan-Rodriguez was wrongly decided and lamented that "most traffic violations have been elevated to crimes of violence in the Fifth Circuit." United States v. Charles, 275 F.3d 468, 470 (5th Cir. 2001) (Sparks, J., concurring), vacated and reheard en banc by 301 F.3d 309 (2002).

[6] Ariz. Rev. Stat. § 13-1803(A)(1) provides that a person commits felony UUMT when "[a] person . . ., without intent permanently to deprive . . . [k]nowingly takes unauthorized control over another's means of transportation."

Rodriguez. Id. The court also analyzed the legislative history of § 16(b) to conclude that Congress intended the types of crimes covered under that section to be similar to the same categories of offenses described in the District of Columbia Code as "dangerous" and "crimes of violence." Id. Such crimes include murder, rape, robbery, assorted burglary crimes, assault with a dangerous weapon, and the taking of property by force. Id. The court concluded that "logic and common sense indicate that Congress did not intend to punish a person who was dilatory in returning a borrowed car or went joyriding in the same manner as a convicted murderer, rapist, robber, or burglar." Id.

The Supreme Court has emphasized that when construing § 16, "we cannot forget that we are determining the meaning of the term 'crime of violence.' . . . [and that t]he ordinary meaning of this term, . . . suggests a category of violent, active crimes." Leocal, 543 U.S. at 11. Here, like the Arizona statute at issue in Sanchez-Garcia, the Texas UUV statute criminalizes a broad range of conduct that does not present any risk of physical force being used. For example, Texas courts have convicted defendants under this statute for such things as operating a vehicle beyond the time allotted by the vehicle's owner, see Coleman v. Texas, No. 11-06-00155-CR, 2008 WL 97051 (Tex. Ct. App. Jan. 10, 2008); Wilborn v. Texas, No. 12-06-00258-CR, 2007 WL 2381376 (Tex. Ct. App. Aug. 22, 2007); Bradford v. Texas, No. 07-02-0237-CR, 2003 WL 21501968 (Tex. Ct. App. Jul. 1, 2003); exchanging money and tickets with an employee at a car rental company to use vehicles without an authorized rental agreement, see Roy v. Texas, 161 S.W.3d 30 (Tex. Ct. App. 2004); taking another's keys and using the vehicle without permission, see Johnson v. Texas, No. 05-92-00385-CR, 1994 WL 279803 (5th Cir. Jun. 23, 1994); and obtaining possession of a vehicle under false pretenses, see Nance v. Texas, 647 S.W.2d 660 (Tex. Ct. App. 1983) (although the court reversed the conviction based on a separate evidentiary issue, it concluded that the evidence was sufficient to support the UUV conviction); none of which

present any risk of physical force being used. We agree with the Tenth Circuit that it defies common sense to treat such persons in the same manner as convicted murderers, rapists, robbers, or burglars for deportation purposes.[7]

"Because the Fifth Circuit is the only circuit to find [UUV] to be a crime of violence, a troubling scenario has arisen where affected immigration laws are not being applied consistently." Volik, 39 St. Mary's L. J. at 176.[8] The end result is that non-citizens are being deported for life and families are being separated for committing a crime that does not have any of the hallmarks of a crime of violence. At this point, however, we recognize that Petitioner's arguments are foreclosed by Circuit precedent and it is well-settled that one panel of this court cannot overrule the decision of another panel. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). Thus, although we grant the motion for summary affirmance, thereby denying as moot the

---

[7] To the extent that this issue even presents a close call, the Supreme Court and this Circuit have consistently recognized "the longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien." INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987); see also INS v. St. Cyr, 533 U.S. 289, 320 (2001) (same); INS v. Errico, 385 U.S. 214, 225 (1966) ("'[S]ince the stakes are considerable for the individual, we will not assume that Congress meant to trench on his freedom beyond that which is required by the narrowest of several possible meanings of the words used.'") (quoting Fong Haw Tan v. Phelan, 333 U.S. 6, 10 (1948)); Martinez v. Mukasey, 519 F.3d 532, 544 (5th Cir. 2008) (quoting Cardoza-Fonseca and explaining that "[t]his canon of construction, comparable to the rule of lenity in criminal cases, is based on the drastic nature of removal"); Banda-Ortiz v. Gonzales, 445 F.3d 387, 396 (5th Cir. 2006) (Smith, J., dissenting) ("Though the majority finds this weight of authority insufficient, it might at least, out of comity, acknowledge the merit of the competing position by applying the 'longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien.'").

[8] In addition to the Tenth Circuit, our decision in Galvan-Rodriguez is also arguably at odds with the Ninth Circuit. In Penuliar v. Mukasey, __ F.3d __, 2008 WL 1792649 (9th Cir. Apr. 22, 2008), the court held that UUV is not a crime of violence as a theft offense under 11 U.S.C. § 1101(a)(43)(G) and in Sareang Ye v. INS, 214 F.3d 1128 (9th Cir. 2000), the court held that vehicular burglary is not a crime of violence under 11 U.S.C. § 1101(a)(43)(F) and § 16. See also Solorzano-Patlan v. INS, 207 F.3d 869 (7th Cir. 2000) (holding that vehicular burglary not a crime of violence under categorical approach). If the Ninth Circuit believes that breaking or entering into a vehicle does not carry with it a substantial risk that physical force may be used against the vehicle, it most likely would conclude that the simple unauthorized use of a vehicle also does not constitute a crime of violence under 11 U.S.C. § 1101(a)(43)(F) and § 16.

alternative motion for an extension of time to file a responsive pleading, we urge and recommend that that precedent should be reconsidered and overruled by our en banc court.

The petition for review is DENIED.