IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-60634

JOSE ANGEL SERNA-GUERRA

Petitioner

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

On Petition for Review from an Order
of the Board of Immigration Appeals

ON PETITION FOR REHEARING EN BANC
(Opinion May 30, 2008, 5th Cir., 285 F. App'x 110)

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active serve and not disqualified not having voted in favor (Fed. R. App. P. and 5th Cir. R. 35), the Petition for Rehearing En Banc is DENIED.

JAMES L. DENNIS, Circuit Judge, joined by KING, WIENER and PRADO, Circuit Judges, dissenting from the denial of rehearing en banc:

Petitioner Jose Angel Serna-Guerra, a permanent resident alien, was convicted twenty-two years ago of committing the Texas crime of unauthorized use of a vehicle ("UUV"). He is now subject to removal because we have categorized that offense as a "crime of violence." See Brieva-Perez v. Gonzales, 482 F.3d 356 (5th Cir. 2007); United States v. Galvan-Rodriguez, 169 F.3d 217 (5th Cir. 1999). However, our continued classification of UUV as a crime of violence directly conflicts with the Supreme Court's decision in Leocal v. Ashcroft, 543 U.S. 1 (2004). Moreover, the Tenth Circuit has concluded that our decisions are contrary to Leocal and held that an indistinguishable offense under Arizona law is not a crime of violence. See United States v. Sanchez-Garcia, 501 F.3d 1208 (10th Cir. 2007). By failing to rehear this case en banc, the court has chosen not to correct this error in our jurisprudence and has unnecessarily prolonged our disagreement with the Tenth Circuit. I therefore respectfully dissent from the denial of rehearing en banc.

The definition of "crime of violence" includes "any . . . offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). A person commits UUV under Texas law "if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." Tex. Pen. Code § 31.07(a). We first classified UUV as a crime of violence in Galvan-Rodriguez, where despite noting that some instances of UUV present no risk of physical force being used against persons or property, the panel summarily concluded that "the unauthorized use of a vehicle. . . carries a substantial risk that the vehicle might be broken into, 'stripped,' or vandalized, or that it might become involved in an accident, resulting not only in damage to the vehicle and other

property, but in personal injuries to innocent victims as well." 169 F.3d at 219. The panel elaborated:

> [T]here is a strong probability that the inexperienced or untrustworthy driver who has no pride in ownership in the vehicle will be involved in or will cause a traffic accident or expose the car to stripping or vandalism. In fact, when an illegal alien operates a vehicle without consent, a strong probability exists that the alien may try to evade the authorities by precipitating a high-speed car chase and thereby risking the lives of others, not to mention significant damage to the vehicle and other property.

Id. at 219-20. Thus, the panel concluded that UUV is a "crime of violence" because physical force might result from the commission of the offense – not because the elements of the offense naturally involve a substantial risk that physical force will be used against persons or property.[1]

Galvan-Rodriguez's reasoning and holding are untenable after the Supreme Court's decision in Leocal v. Ashcroft, 543 U.S. 1 (2004). In Leocal, the Court held that driving under the influence of alcohol does not constitute a crime of violence under § 16. Id. at 11-13. The Court reasoned that § 16(a) "most naturally suggests a higher degree of intent than negligent or merely accidental conduct" and concluded that § 16(b) "does not . . . encompass all negligent misconduct, such as the negligent operation of a vehicle. It simply covers

---

[1] Galvan-Rodriguez was the subject to two subsequent decisions in this circuit, both critical of its reasoning and holding. In United States v. Jackson, 220 F.3d 635 (5th Cir. 2000), the panel considered whether UUV is a "crime of violence" under former Guidelines § 4B1.2(a), which used a slightly different definition of the term than § 16(b) because the former did not account for force against property. The majority, concluding that Galvan-Rodriguez was decisive, admitted that "we are not unsympathetic to Jackson's argument that [UUV] is not what one might typically consider a 'crime of violence,' but we do not write on a clean slate." Id. at 639. Later, in United States v. Charles, 301 F.3d 309 (5th Cir. 2002) (en banc), the en banc court overruled Jackson, holding that UUV was not a crime of violence under § 4B1.2(a). We reasoned that although the perpetrator's conduct may present a risk of injury to property, i.e., the automobile, such conduct does not present a serious risk of physical injury to another person as required by § 4B1.2(a). Id. at 314. The court declined to consider Galvan-Rodriguez's in other contexts, such as § 16 cases. Nonetheless, Charles demonstrates our court's uneasiness with Galvan-Rodriguez, even pre-dating Leocal.

offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." Id. at 9-10. Thus, "[t]he reckless disregard in § 16 relates not to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." Id. The Court emphasized that "[t]he risk that an accident may occur when an individual drives while intoxicated is simply not the same thing as the risk that the individual may 'use' physical force against another in committing the DUI offense." Id. at 10 n.7. Because the DUI offense did not, by its nature, pose a substantial risk that the perpetrator would use physical force in its commission (as opposed to the possible results of committing the crime), the court found that DUI offense at issue was not a "crime of violence." Id. at 10 n.7 & 11.

Leocal repudiated the reasoning in Galvan-Rodriguez for finding UUV a crime of violence, namely our conclusion that conduct that might occur as a result of using a vehicle without authority poses a "substantial risk" of physical force. Instead, Leocal requires consideration of whether the commission of the offense "naturally involve[s]" a substantial risk of harm, that is, whether the offense involves a "reckless disregard . . . to the risk that the use of physical force against another might be required in committing a crime." Leocal, 543 U.S. at 10. The Texas UUV offense does not, by its elements, entail a reckless disregard to the risk that physical force might be required to commit the crime. Indeed, the offense criminalizes a broad range of conduct, such as joyriding or violating a rental agreement, that does not present any risk of physical force being used against persons or property.[2] It is also difficult see how the facially innocuous

---

[2] For example, Texas courts have convicted defendants under the statute for such things as operating a vehicle beyond the time allotted by the vehicle's owner, see Coleman v. Texas, No. 11-06-00155-CR, 2008 WL 97051 (Tex. App. Jan. 10, 2008); Wilborn v. Texas, No. 12-06-

4

crime of UUV poses a greater risk of physical force than driving under the influence.

Our decision not to rehear this case also prolongs an unnecessary disagreement with the Tenth Circuit, which correctly concluded in Sanchez-Garcia that an indistinguishable offense under Arizona law is not a crime of violence. The defendant in Sanchez-Garcia had been convicted of UUMT, which a person commits under Arizona law "'if, without intent permanently to deprive, the person . . . [k]nowingly takes unauthorized control over another person's means of transportation." Sanchez-Garcia, 501 F.3d at 1209 (quoting Ariz. Rev. Stat. § 13-1803(A)(1) (alterations in original)).[3] The Tenth Circuit observed that "[l]ike any offense involving the unauthorized taking of property, it is clear there is some chance that destructive or violent force might be employed in the commission of UUMT when a person initially takes unauthorized control over a means of transportation." 501 F.3d at 1213. But the Tenth Circuit concluded that such risks are not "substantial" because UUMT "encompasses a broad range of conduct that does not present any risk of such force being used" such as driving a rental vehicle past the expiration of the rental agreement, borrowing

---

00258-CR, 2007 WL 2381376 (Tex. App. Aug. 22, 2007); Bradford v. Texas, No. 07-02-0237-CR, 2003 WL 21501968 (Tex. App. Jul. 1, 2003); exchanging money and tickets with an employee at a car rental company to use vehicles without an authorized rental agreement, see Roy v. Texas, 161 S.W.3d 30 (Tex. App. 2004); taking another's keys and using the vehicle without permission, see Johnson v. Texas, No. 05-92-00385-CR, 1994 WL 279803 (5th Cir. Jun. 23, 1994); and obtaining possession of a vehicle under false pretenses, see Nance v. Texas, 647 S.W.2d 660 (Tex. App. 1983) (although the court reversed the conviction based on a separate evidentiary issue, it concluded that the evidence was sufficient to support the UUMV conviction); none of which present any risk of physical force being used.

[3] The essential elements of the Texas UUMV offense and the Arizona UUMT offense are virtually identical. Compare Ariz. Rev. Stat. § 13-1803(A)(1) (prohibiting (1) knowingly taking control, (2) without authorization, (3) of another person's means of transportation), with Tex. Pen. Code § 31.07 (prohibiting (1) the intentional or knowing operation, (2) without the effective consent of the owner, (3), of another's motor-propelled vehicle). Although the Arizona statute has an additional phrase ("without intent to permanently deprive") that does not appear in the Texas statute, the phrase is not an affirmative element of the offense. See State v. Kamai, 911 P.2d 626, 628 (Ariz. App. 1995).

a car that he or she knows is stolen, or taking another's keys and going joyriding. Id. The Tenth Circuit considered but rejected our decision in Galvan-Rodriguez, finding that it relied on unsupported conjecture and conflicts with Leocal. Id. at 1214.[4]

We are bound by the Supreme Court's decisions and therefore have an obligation to correct panel rulings that conflict with its instructions. See Rivers v. Roadway Express, Inc., 511 U.S. 298, 312 (1994); Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533 (1983). There is also an overarching interest in maintaining the uniformity of federal immigration laws and consistency in their enforcement. Bustamante-Barrera v. Gonzales, 447 F.3d 388, 399 (5th Cir. 2006); Renteria-Gonzalez v. INS, 322 F.3d 804, 814 (5th Cir. 2002). Rehearing this case would serve those purposes, yet the majority of the court has chosen to allow our erroneous classification of UUV as a crime of violence to continue. Accordingly, I dissent from the denial of rehearing en banc.

---

[4] In Brieva-Perez v. Gonzales, 482 F.3d 356 (5th Cir. 2007), the panel attempted to reconcile Galvan-Rodriguez with Leocal. The panel concluded that an offense can be a crime of violence under Leocal even in the absence of an element requiring intentional use of force because "Leocal requires [only] that the nature of the offense involves a substantial risk of the intentional use of force." 482 F.3d at 360-61. Apparently relying on Galvan-Rodriguez's finding that UUV naturally involves such a substantial risk, the panel held that Leocal is therefore consistent with Galvan-Rodriguez. Id. at 361. However, as discussed above and as the Tenth Circuit recognized, the reasoning in Galvan-Rodriguez -- which relied on the possible incidental effects of committing the crime -- conflicts with Leocal's holding that a crime is "violent" only if the risk is inherent in the commission of the crime itself. The petitioner in Brieva did not petition the Supreme Court for a writ of certiorari.