**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL PEREZ-GUTIERREZ,

Defendant - Appellant.

No. 07-2129
(D. New Mexico)
(D.C. No. CR-07-254-BB)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I. INTRODUCTION**

Defendant-Appellant Rafael Perez-Gutierrez was charged with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), (b). Perez-Gutierrez entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement contained a waiver of the right to appeal. The presentence report ("PSR") provided for an eight-level enhancement of the offense level, concluding Perez-Gutierrez's prior conviction for unauthorized use of a vehicle under Texas law constituted a prior aggravated felony under the United States Sentencing Guidelines ("Guidelines"). At the sentencing hearing before the district court, neither party objected to the offense level set forth in the PSR. The district court accepted the offense level set forth in the PSR and imposed a sentence of thirty months. On appeal, the government confesses error and declines to seek enforcement of the waiver of appeal in the plea agreement. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we hold the district court erred in concluding Perez-Gutierrez's prior conviction for unauthorized use of a vehicle constituted an aggravated felony. We therefore **reverse** the decision of the district court and **remand** for proceedings consistent with this opinion.

**II. BACKGROUND**

The United States filed an Information charging Perez-Gutierrez with

illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), (b). Subsequently, the government and Perez-Gutierrez entered into a Rule 11(c)(1)(C) plea agreement. The plea agreement provided the sentence would be determined after the PSR was prepared and Perez-Gutierrez had an opportunity to request corrections. The parties agreed the Guidelines would be used to determine the sentencing range.

The plea agreement set forth the base offense level for this offense at level eight, to be enhanced based upon the most serious of Perez-Gutierrez's prior convictions. The agreement further provided the resulting adjusted total offense level would be reduced: (1) for acceptance of responsibility, and (2) by one additional level pursuant to the Fast Track plea agreement. The government also agreed to recommend a sentence at the lower end of what was ultimately determined to be the appropriate guideline range. In return, Perez-Gutierrez agreed he would not seek any further reduction, departure, or variance or assert any appellate challenge to the sentence.

Perez-Gutierrez entered his plea of guilty to the Information. A PSR was prepared. The PSR author began with a base offense level of eight pursuant to § 2L1.2(a). The author then added eight levels pursuant to § 2L1.2(b)(C), concluding Perez-Gutierrez had been previously convicted of an aggravated felony. The author referenced Perez-Gutierrez's prior Texas conviction for the unauthorized use of a vehicle. Had the felony not been classified as

"aggravated," Perez-Gutierrez would have been subject only to a four-level enhancement. U.S.S.G. § 2L1.2(b)(1)(D). Applying the terms of the plea agreement, the author applied the three-level and one-level reductions. The adjusted total offense level was twelve. Perez had fifteen criminal history points, which placed him in criminal history category VI. A total offense level of twelve combined with a criminal history category VI resulted in a sentence range of thirty to thirty-seven months under the terms of the plea agreement.

Perez-Gutierrez, by trial counsel, filed no objections to the PSR. At sentencing the district court, pursuant to Rule 11(c)(1)(C), accepted the offense level of twelve set forth in the PSR. The district court imposed a thirty-month sentence. Perez-Gutierrez then appealed to this court.

New counsel for Perez-Gutierrez was appointed by this court. Appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting the appellate waiver in the plea agreement barred the appeal and, in any event, there were no non-frivolous issues to raise. Citing *United States v. Galvan-Rodriguez*, 169 F.3d 217, 220 (5th Cir. 1999), counsel maintained the district court correctly concluded Perez-Gutierrez's prior conviction for unauthorized use of a vehicle under Texas law constituted a prior aggravated felony conviction. In accordance with *Anders*, counsel also moved to withdraw.

In its September 8, 2008, order, this court concluded the appeal included a non-frivolous issue: whether Perez-Gutierrez's unauthorized use of a vehicle

conviction constitutes an aggravated felony under the Guidelines.  Accordingly, this court appointed the Office of the Federal Public Defender to file a supplemental opening brief addressing this issue and any other non-frivolous issues.

Perez-Gutierrez contends, and the government concedes, the district court committed plain error in concluding the unauthorized use of a vehicle under Texas law is an aggravated felony for purposes of § 2L1.2(b)(1)(C).[1]

## III. DISCUSSION

This court reviews de novo the determination of whether a prior offense is an aggravated felony under the Guidelines.  *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1274 (10th Cir. 2003).  Perez-Gutierrez's claim that the unauthorized use of a vehicle conviction is not an aggravated felony, however, was not raised below.  Thus, the district court's ruling is reviewed for plain error. *United States v. Torres-Duenas*, 461 F.3d 1178, 1180 (10th Cir. 2006).  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (quotation omitted).

---

[1]Recognizing the district court's error, the government, in the interest of justice, expressly declines to seek enforcement of the waiver of appeal in the plea agreement.

An aggravated felony is defined by the Guidelines through reference to 8

U.S.C. §1101(a)(43). U.S.S.G. § 2L1.2, cmt. n.3(A). An aggravated felony is

defined under 8 U.S.C. § 1101(a)(43)(F) as a crime of violence, as defined by 18

U.S.C. § 16, not including a political offense, for which the term of imprisonment

is at least one year. A crime of violence is defined by 18 U.S.C. § 16 as:

> (a) an offense that has as an element the use, attempted use, or
> threatened use of physical force against the person or property
> of another, or
>
> (b) any other offense that is a felony and that, by its nature,
> involves a substantial risk that physical force against the person
> or property of another may be used in the course of committing
> the offense.

The Texas statute under which Gutierrez-Perez was convicted for the

unauthorized use of a vehicle provides, "A person commits an offense if he

intentionally or knowingly operates another's boat, airplane, or motor-propelled

vehicle without the effective consent of the owner." Tex. Penal Code Ann.

§ 31.07(a). As the government concedes, "physical force" is not a delineated

element of the offense. Thus, the only way in which a conviction for

unauthorized use of a vehicle can be categorized as an aggravated felony is if

there is a "substantial risk that physical force against the person or property of

another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

In *Galvan-Rodriguez*, the Fifth Circuit examined the Texas statute at issue

in this case and determined the unauthorized use of a vehicle was a crime of

violence under 18 U.S.C. § 16(b), and therefore an aggravated felony under the Guidelines. 169 F.3d at 220. This court, however, explicitly rejected the *Galvan-Rodriguez* analysis in relation to Arizona's unlawful use of means of transportation statute. *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1213-14 (10th Cir. 2007). In S*anchez-Garcia*, this court noted the similarity between the Arizona and Texas offenses and concluded the risk of the use of physical force in the type of crime encompassed by such statutes was not "substantial." *Id.* at 1213. This court explained "there is a relatively low probability of destructive or violent force being employed to gain initial control over a vehicle in the commission of [the crime]." *Id.* Therefore, this court "decline[d] to follow the Fifth Circuit's decision." *Id.* at 1214.

Thus, under circuit precedent, the district court erred in concluding the unauthorized use of a vehicle constitutes an aggravated felony, thereby satisfying the first prong of the plain error standard. The second prong of the plain error standard is also met, as this court's unambiguous precedent rejecting the *Galvan-Rodriguez* analysis and holding makes clear the district court erred in concluding Perez-Gutierrez committed an aggravated felony. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1124 (10th Cir. 2005) ("[A]n error is plain if it is clear or obvious at the time of the appeal." (quotation omitted)). As to the third prong of the plain error standard, Perez-Gutierrez's rights were substantially affected because, as a result of the mistake, he received a significantly greater term of

imprisonment than he would have absent the error. *United States v. Serrata*, 425 F.3d 886, 917 (10th Cir. 2005) ("In order to demonstrate that an error affected his substantial rights, a defendant must show a reasonable probability that the defects in his sentencing altered the result of the proceedings." (quotations omitted)). Rather than receiving a sentence based upon a four-level enhancement, with a corresponding guideline range of twenty-one to twenty-seven months under the terms of the plea agreement, he received a sentence in the thirty to thirty-seven month range. A sentence at the low end of the twenty-one to twenty-seven month range, in accordance with the promised government recommendation, would reduce his prison term significantly. Finally, the fourth prong of the plain error standard is also met, as the erroneous increase in Gutierrez-Perez's prison term due to an incorrect application of the Guidelines seriously affects the fairness, integrity, or public reputation of judicial proceedings. As discussed above, absent the district court's plain error, Gutierrez-Perez likely would have received a significantly shorter sentence. *United States v. Brown*, 316 F.3d 1151, 1161 (10th Cir. 2003) ("A review of federal appellate decisions considering whether to correct unobjected-to sentencing errors reveals that the key concern has been whether correct application of the sentencing laws would likely significantly reduce the length of the sentence. When circuit courts have concluded that it would, they have not hesitated to exercise their discretion to correct the error.").

## IV.  CONCLUSION

The district court erred in concluding a conviction for unauthorized use of a vehicle pursuant to Texas law constituted an aggravated felony under the Guidelines.  We therefore **reverse** the decision of the district court and **remand** for proceedings consistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge