# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2009

Charles R. Fulbruge III
Clerk

No. 07-60634
Summary Calendar

JOSE ANGEL SERNA-GUERRA

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
(A38 099 578)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Jose Angel Serna-Guerra, a lawful resident alien, was ordered removed for having been convicted of an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii). Specifically, the removal order was based on Serna-Guerra's 1986 conviction for the Texas offense of unlawful use of a vehicle ("UUV"), Tex. Pen. Code § 31.07(a). Because then-existing circuit precedent foreclosed Serna-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guerra's argument that his UUV conviction was not an "aggravated felony," we denied his petition for review. *See Serna-Guerra v. Mukasey*, 285 F. App'x 110 (5th Cir. 2008). After Serna-Guerra petitioned for a writ of certiorari, the Supreme Court vacated our decision and remanded for further consideration in light of *Chambers v. United States*, 129 S. Ct. 687 (2009). *See Serna-Guerra v. Holder*, 129 S. Ct. 2764 (2009).

Under the Supreme Court's decisions in *Chambers* and *Begay v. United States*, 128 S. Ct. 1581 (2008), "the generic crime of violence or aggravated felony must itself involve purposeful, violent and aggressive conduct." *United States v. Armendariz-Moreno*, 571 F.3d 490, 491 (5th Cir. 2009). We held in *Armendariz-Moreno* that "[t]he risk of physical force may exist where the defendant commits the offense of unauthorized use of a vehicle, but the crime itself has no essential element of violent and aggressive conduct." *Id.* Accordingly, the Texas UUV offense is not an "aggravated felony" for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).

We therefore GRANT the petition for review, VACATE the order of removal, and REMAND to the BIA for further proceedings consistent with this opinion.