**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-10235
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE GERARDO RAMOS-GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

September 5, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:

Appellant Jose Gerardo Ramos-Garcia ("Ramos-Garcia") challenges the sentence imposed for his conviction for illegal re-entry into the United States after deportation. Specifically, he argues that the district court erred in finding that his Texas state conviction for burglary of a vehicle was an aggravated felony for purposes of enhancement pursuant to U.S.S.G. § 2L1.2. Finding no error, we affirm.

1

Ramos-Garcia was found guilty after a jury trial of one count of unlawful re-entry into the United States in violation of 8 U.S.C. § 1326. At sentencing the district court, applying U.S.S.G. § 2L1.2 ("Unlawfully Entering or Remaining in the United States"), calculated Ramos-Garcia's base offense level at 8, enhanced it by 16 levels because of his previous Texas state court conviction for burglary of a vehicle and established his total offense level at level 24. Combined with his criminal history category VI, the resultant sentencing range was 100-120 months.[1] The district court sentenced him to 120 months imprisonment, three years supervised release and a $50 special assessment.

## DISCUSSION

How the Sentencing Guidelines apply to a particular conviction is a question of law, which this Court reviews *de novo*. *United States v. Garcia-Rico*, 46 F.3d 8, 9 (5th Cir.), *cert. denied* 115 S. Ct. 2596 (1995).

U.S.S.G. § 2L1.2 provides a base offense level 8. The guideline then states that:

If more than one applies, use the greater:

(1)  If the defendant previously was deported after a conviction for a felony, other than a felony involving violations of the immigration laws, increase by 4 levels.

(2)  If the defendant previously was deported after a conviction for an aggravated felony, increase by 16

---

[1]The resulting guideline range extended upward to 125 months. However, the statutory maximum for this offense capped the sentencing range at 120 months.

levels.

U.S.S.G. § 2L1.2(b)(Nov. 1995).

Ramos-Garcia was convicted in Texas state court on June 30, 1994 for the offense of Burglary of a Vehicle. Because the state of Texas punished Ramos-Garcia's burglary conviction by imposing a five years probated sentence and because this Court has ruled that Burglary of a Vehicle constitutes a crime of violence for purposes of guideline sentencing, the district court reasoned that Ramos-Garcia was subject to a 16 level enhancement under U.S.S.G. § 2L1.2(b)(2).

In September 1994, the Texas legislature amended Texas law to reflect that burglary of a vehicle was no longer a felony offense in Texas. *See* TEXAS PENAL CODE ANN. § 30.04 (Vernon 1994). At sentencing, Ramos-Garcia objected to the treatment of his Texas burglary conviction as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b), relying on the 1994 change in Texas law. The district court overruled his objections and imposed the enhancement.

U.S.S.G. § 2L1.2(b) is silent concerning the effects of subsequent reclassification of otherwise valid predicate state convictions when determining possible federal sentencing enhancements. Ramos-Garcia argues that this silence amounts to an ambiguity, and therefore the district court should have applied the Rule of Lenity to his sentencing decision and declined to enhance the sentence under Guideline § 2L1.2's enhancement provisions.

We find his argument unpersuasive. This Court has recently

3

held that federal law, rather than state law, controls the interpretation of U.S.S.G. § 2L1.2. *United States v. Vasquez-Balandran*, 76 F.3d 648, 650 (5th Cir. 1996). We must therefore look to federal law to determine whether Ramos-Garcia's conviction was for an "aggravated felony." *See id.*

The commentary to U.S.S.G. § 2L1.2(b)92) defines "aggravated felony" as "any crime of violence (as defined in 18 U.S.C. § 16[]) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years." § 2L1.2, comment. (n.7).

The first inquiry, whether Ramos-Garcia's conviction was for a crime of violence, has been answered by this Court's ruling in *United States v. Rodriguez-Guzman*, 56 F.3d 18 (5th Cir. 1995). "Crime of violence" is defined as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16(a) & (b) (1988). This Court unequivocally held that conviction for burglary of a vehicle under § 30.04 of the pre-1994 Texas Penal Code is a crime of violence as defined in 18 U.S.C. § 16(b).

Second, the term of imprisonment imposed, regardless of any suspension, must be at least five years. Ramos-Garcia was sentenced to five years of probation for his burglary of a vehicle conviction. "Clearly, the Sentencing Commission envisioned [§

4

2L1.2's] applicability to extend to those defendants who actually are ordered to serve their sentences and also those defendants who avoid a determined period of incarceration by a process which suspends serving the term of imprisonment. *United States v. Vasquez-Balandran*, 76 F.3d 648, 651 (5th Cir. 1996). Ramos-Garcia's five year probation under Texas's sentencing procedure fulfils the five year "term of imprisonment imposed" requirement. *See id.*

The change in Texas law reclassifying burglary of a vehicle from a felony to a misdemeanor does not change the nature of the crime as a crime of violence, nor does it change the five year probated sentence. Therefore, it does not change the fact that Ramos-Garcia's conviction meets the federal definition of aggravated felony. The sentence imposed by the district court is AFFIRMED.