**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-20812
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-201-1

_____

June 22, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Rodriguez (Rodriguez) appeals the 77-month sentence which he received upon pleading guilty to a charge of having been found in the United States after deportation, in violation of 8 U.S.C. § 1326. We AFFIRM.

Rodriguez contends, first, that the district court reversibly erred by holding that his prior conviction of burglarizing a motor vehicle is an "aggravated felony," which required a 16-level increase in his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(1997). He argues that his offense level should have been increased by only four levels, pursuant to § 2L1.2(b)(1)(B)(1997).

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court has held that burglary of a vehicle under former Texas law is an aggravated felony for purposes involving § 2L1.2. United States v. Rodriguez-Guzman, 56 F.3d 18, (5th Cir. 1995); United States v. Ramos-Garcia, 95 F.3d 369 (5th Cir. 1996). Rodriguez contends, however, that amendments to § 2L1.2 which became effective on November 1, 1997, render these two decisions no longer applicable to § 2L1.2 determinations.

Contrary to Rodriguez's contention, the 1997 version of § 2L1.2 does not modify one of the previous definitions of "aggravated felony": a crime of violence "as defined in 18 U.S.C. § 16." Therefore, a § 16 "crime of violence" is an "aggravated felony" under § 2L1.2(b)(1)(A), just as it was under § 2L1.2(b)(2), comment.(n.7)(1995). See 8 U.S.C. § 1101(a)(43)(F).

Ramos-Garcia, 95 F.3d at 371-72, and Rodriguez-Guzman, 56 F.3d at 21, held that a Texas conviction for burglary of a vehicle was an "aggravated felony" because it was a "crime of violence" under § 16. Ramos-Garcia held further that Texas' reclassification of the offense "from a felony to a misdemeanor does not change the nature of the crime as a crime of violence" under § 16. 95 F.3d at 372. Accordingly, Rodriguez's contention based on the 1997 amendments to § 2L1.2 has no merit.

Rodriguez also contends that because the Government neither pleaded nor proved beyond a reasonable doubt that he had been deported following conviction for a felony, the trial court should have treated the statutory maximum in this case as two years, rather than 20 years.

Rodriguez acknowledges that Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 2362-63 (2000), states: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." Rodriguez argues, however, that the "other than the fact of a prior conviction" phrase of the Apprendi opinion is mere dicta. He does not express an opinion whether his contention is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he suggests that Apprendi shows that a majority of the justices now disagree with Almendarez-Torres. Rodriguez's contention lacks merit because Apprendi did not overrule Almendarez-Torres. See Apprendi, 120 S. Ct. at 2362; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).

The judgment of the district court is AFFIRMED.

2