## UNITED STATES of America

v.

## Luis NEVAREZ–PUENTES, Defendant.

### No. EP–07–CR–1043–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

Aug. 24, 2007.

Donna Svet Miller, Assistant U.S. Attorney, El Paso, TX, for United States of America.

William R. Maynard, Federal Public Defender, El Paso, TX, for Defendant.

## MEMORANDUM OPINION REGARDING DEFENDANT'S OBJECTION TO EIGHT–LEVEL INCREASE FOR PRIOR CONVICTION

MARTINEZ, District Judge.

On this day, the Court considered Defendant Luis Nevarez–Puentes's objection to the Presentence Investigation Report's ("PSR") recommendation of an eight-level upward adjustment for his prior conviction for burglary of a vehicle. The PSR characterizes Defendant's prior conviction as an "aggravated felony," qualifying him for an eight-level upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(C). After considering the parties' briefing and the oral arguments presented to the Court at the sentencing hearing on August 22, 2007, the Court orally denied Defendant's objection.

The Court writes now to explain more fully the reasons for its ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2007, Defendant was charged in a single-count indictment with illegal reentry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On June 12, 2007, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to § 2L1.2(a). The PSR also recommended an eight-level upward adjustment, pursuant to § 2L1.2(b)(1)(C), based upon Defendant's conviction for an aggravated felony offense prior to his previous removal from the United States. Defendant previously pled guilty to the offense of burglary of a vehicle in Texas in 1985 and was removed from the United States on January 24, 2007. Defendant objected to the recommended increase on the grounds that his prior conviction did not constitute an aggravated felony.

## II. DISCUSSION

A conviction for illegal reentry generally subjects a defendant to a term of imprisonment not to exceed two years. 8 U.S.C. § 1326(a). When the Government provides a defendant with notice of its intent to seek an increased statutory penalty and can then show that his prior removal was subsequent to a conviction for the commission of an aggravated felony, the statutory maximum sentence increases to twenty years. 8 U.S.C. § 1326(b)(2).

The enhanced penalties applicable to illegal reentry offenses are also incorporated into the Sentencing Guidelines. § 2L1.2(b)(1)(C) instructs the Court to apply an eight-level increase to the base of-

fense level of a defendant who was previously deported after a conviction for an aggravated felony. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(C) (2007). The Sentencing Guidelines Manual defines "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43). Pursuant to that section, aggravated felonies include "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43). Accordingly, a crime of violence for purposes of an eight-level increase is:

    (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

The Fifth Circuit has found that a pre-1994 conviction for burglary of a vehicle in Texas qualifies as a crime of violence under § 16(b), given that the relevant statute punished conduct "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). *See Lopez–Elias v. Reno*, 209 F.3d 788, 792 (5th Cir.2000); *United States v. Ramos–Garcia*, 95 F.3d 369, 371 (5th Cir.1996). Defendant acknowledges this line of cases, but raises an argument not previously considered by the Fifth Circuit in its interpretation of § 16(b).

Defendant contends that a court's determination of whether an offense satisfies § 16(b) raises serious constitutional concerns, as "the judiciary does not have the

power to use § 16(b) to expand in its discretion the scope of a substantive criminal law." Def.'s Mot. 2. While Congress has an exclusive role in defining crimes, *United States v. Evans*, 333 U.S. 483, 68 S.Ct. 634, 636, 92 L.Ed. 823 (1948), § 16(b) requires a court to determine whether an offense involves a substantial risk of force, without ever affording a defendant the opportunity to submit that question to a jury. Such fact finding, Defendant argues, is properly left to the legislative branch and in this case allows a court to make factual determinations by a preponderance of the evidence which serve to increase Defendant's sentence beyond the statutory maximum. Def.'s Mot. 4; *see Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that any fact used to increase a defendant's statutory maximum penalty, other than the existence of a prior conviction, must be proven beyond a reasonable doubt to a jury or admitted by the defendant). According to Defendant, this approach is also incompatible with the categorical approach set forth in *Taylor v. United States*, in that it requires a court to make factual determinations by looking beyond the elements of the offense. Def.'s Mot. 11; *see Taylor*, 495 U.S. 575, 110 S.Ct. 2143, 2159–60, 109 L.Ed.2d 607 (1990) (requiring a categorical approach to prior convictions in which a court may look only to the statutory definition of the offense and documents that were necessarily part of the defendant's conviction, such as his charging instrument and jury instructions). Defendant contends that allowing a court to engage in such judicial fact finding violates the Sixth Amendment, various due process rights, and the separation of powers doctrine. Def.'s Mot. 2, 4.

While this issue appears to be one of first impression in the context in which it is presented, the Supreme Court has re-

cently addressed Defendant's argument in a related context. In *James v. United States,* the Supreme Court considered a defendant's sentence under the enhanced penalty provisions of the Armed Career Criminal Act. — U.S. ——, ——–——, 127 S.Ct. 1586, 1590–91, 167 L.Ed.2d 532 (2007). That statute provides for a 15–year mandatory minimum for a person convicted of being a felon in possession of a firearm who "has three prior convictions ... for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). James was sentenced under the mandatory minimum term in part because of a prior conviction for attempted burglary in Florida, which the Government contended was a violent felony under § 924(e)(2)(B)(ii). The analysis required by that section is strikingly similar to that required by the definition of crime of violence in § 16(b), in that both require a court to consider whether the elements of an offense present a risk of a particular harm.

In *James,* the Supreme Court considered the defendant's argument that the determination of whether attempted burglary is a violent felony under § 924(e)(2)(B)(ii) raises Sixth Amendment concerns under *Apprendi* "and its progeny because it is based on 'judicial fact finding' about the risk presented by 'the acts that underlie most convictions for attempted burglary.'" *James,* 127 S.Ct. at 1600. The Court rejected the argument as meritless, holding that,

> [i]n determining whether attempted burglary under Florida law qualifies as a violent felony under § 924(e)(2)(B)(ii), the Court is engaging in statutory interpretation, not judicial factfinding. Indeed, by applying *Taylor's* categorical approach, we have avoided any inquiry into the underlying facts of James' particular offense, and have looked solely to the elements of attempted burglary as defined by Florida law. Such analysis raises no Sixth Amendment issue.

*Id.*

The same can be said in this case about the Court's analysis under § 16(b).[1] The Court considers only the elements of the statute under which Defendant was previously convicted, and does not look to the factual circumstances underlying his conduct. The Court's fact finding is limited to the Court's determination that Defendant was convicted of the offense of burglary of a vehicle in Texas—a permissible finding of fact under *Apprendi.* The Court's conclusion that the offense of burglary of a vehicle "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 16(b), is merely statutory in-

---

1. While *James* did not consider the statute at issue in this case, even Defendant acknowledges the similar contexts when he contends in his Motion that § 924(e)(2)(B)(ii) is subject to the same constitutional attacks as § 16(b). *See* Def.'s Mot. 2 n. 3 ("At least two other statutory sentence enhancements use a similar judicial danger assessment with the same structural flaws as sec. 16(b). They are the 'violent felony' at 18 U.S.C. sec. 924(e)(2)(B)(ii) and the 'serious violent felony' in 18 U.S.C. sec. 3559(c)(2)(F)(ii).").

terpretation, involving the same process employed by the Court in considering whether an offense satisfies § 16(a) by requiring "as an element the use, attempted use, or threatened use of physical force against the person or property of another." As with the statutory analysis at issue in *James*, this assessment does not constitute a violation of the Sixth Amendment or otherwise infringe upon Defendant's procedural rights. Since it is well established in the Fifth Circuit that the Texas offense of burglary of a vehicle is a crime of violence, the Court denied Defendant's objection and applied the eight-level upward adjustment of § 2L1.2(b)(1)(C).