# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 16, 2013

No. 10-60763

Lyle W. Cayce
Clerk

ESAU RODRIGUEZ, also known as Esau Acosta Rodriguez,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Esau Rodriguez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) that he is removable for having been convicted of an aggravated felony. Because the record does not establish that Rodriguez was convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43), we grant his petition and vacate the order of removal.

**I**

In 2002, Rodriguez pleaded guilty to violating Texas Penal Code section 22.011 and was placed on deferred adjudication. Rodriguez was placed on community supervision and, in 2006, pleaded true to violating the terms of that

## No. 10-60763

supervision by drinking intoxicating beverages and failing to remain within Deaf Smith County, Texas.  Rodriguez was adjudicated guilty and sentenced to four years of imprisonment.  In 2010, he was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), asserting that his conviction of the Texas offense of attempted sexual assault was an aggravated felony.

The immigration judge (IJ) issued an oral decision finding that Rodriguez was removable because he had been convicted of an aggravated felony.  The IJ concluded that Rodriguez's conviction for attempted sexual assault under Texas Penal Code section 22.011 was a crime of violence as defined in 18 U.S.C. § 16(b) because the offense presented a substantial risk of the use of physical force against another.  The IJ ordered Rodriguez removed to Mexico.

The BIA dismissed Rodriguez's appeal, holding that the "relevant portions" of section 22.011, which it determined were subsections (a)(1)(A)-(C) and (b), qualified as a crime of violence under 18 U.S.C. § 16(b) and that Rodriguez's offense qualified as an aggravated felony because he was sentenced to more than one year of imprisonment, rendering him removable.  Rodriguez timely petitioned this court for review pursuant to 8 U.S.C. § 1252.

## II

"We must begin by determining whether we have jurisdiction to review the BIA's decision," which we do de novo.[1]  "Congress has specifically commanded in 8 U.S.C. § 1252(a)(2)(C) that no court has jurisdiction to review deportation orders for aliens who are removable because they were convicted of aggravated

---

[1] *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001).

No. 10-60763

felonies."[2]   We do, however, have jurisdiction to review jurisdictional facts.[3] "[W]hether an offense constitutes an aggravated felony is a purely legal" question, which we review de novo.[4]

### III

"Any alien who is convicted of an aggravated felony at any time after admission is deportable."[5] An "aggravated felony" is defined as "murder, rape, or sexual abuse of a minor" or "a crime of violence (as defined in [18 U.S.C. § 16] . . .) for which the term of imprisonment [is] at least one year."[6] Section 16 defines "crime of violence" in pertinent part as an offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[7]

To determine whether an alien's guilty plea conviction constitutes an aggravated felony for removal purposes, this court applies the "categorical approach" adopted in *Taylor v. United States*.[8] The categorical approach considers only the statutory definition of the offense of conviction, rather than the underlying facts of the actual offense, to determine whether the offense

---

[2] *Id.*

[3] *Lopez-Elias v. Reno*, 209 F.3d 788, 791 (5th Cir. 2000).

[4] *Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008).

[5] 8 U.S.C. § 1227(a)(2)(A)(iii).

[6] 8 U.S.C. § 1101(a)(43)(A), (F).

[7] 18 U.S.C. § 16(b).

[8] 495 U.S. 575 (1990).

No. 10-60763

meets the definition of an aggravated felony.[9]  However, "[i]f the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony, we apply a modified categorical approach."[10]  Under the modified categorical approach, we may examine certain additional documents in the convicting court's record to determine whether the guilty plea conviction "necessarily" fell under a particular subsection of the statute that meets the aggravated felony criterion.[11]  The state court documents that may be considered include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[12]  If these documents are insufficient to establish that the alien was necessarily convicted of an aggravated felony, the conviction may not be used as a basis for deportation.[13]

At the time of Rodriguez's conviction, section 22.011 of the Texas Penal Code read as follows:

(a) A person commits an offense if the person:

(1) intentionally or knowingly:

(A) causes the penetration of the anus or female sexual organ of another person by any means, without that person's consent;

---

[9] *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 463 (5th Cir. 2006).

[10] *Id.* at 464 (citing *Shepard v. United States*, 544 U.S. 13, 20-21, 26 (2005)).

[11] *Id.*

[12] *Id.* (quoting *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005)) (internal quotation marks omitted).

[13] *Id.*

No. 10-60763

(B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or

(C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or

(2) intentionally or knowingly:

(A) causes the penetration of the anus or female sexual organ of a child by any means;

(B) causes the penetration of the mouth of a child by the sexual organ of the actor;

(C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

(b) A sexual assault under Subsection (a)(1) is without the consent of the other person if:

(1) the actor compels the other person to submit or participate by the use of physical force or violence;

(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes

that the actor has the present ability to execute the threat;

(3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;

(4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it;

(5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring;

(6) the actor has intentionally impaired the other person's power to appraise or control the other person's conduct by administering any substance without the other person's knowledge;

(7) the actor compels the other person to submit or participate by threatening to use force or violence against any person, and the other person believes that the actor has the ability to execute the threat;

(8) the actor is a public servant who coerces the other person to submit or participate;

(9) the actor is a mental health services provider or a health care services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person's emotional dependency on the actor; or

(10) the actor is a clergyman who causes the other person to submit or participate by exploiting the other

No. 10-60763

> person's emotional dependency on the clergyman in the clergyman's professional character as spiritual adviser.

(c) In this section:

> (1) "Child" means a person younger than 17 years of age who is not the spouse of the actor.[14]

Rodriguez's indictment charged in count one that Rodriguez "intentionally or knowingly cause[d] the penetration of the female sexual organ of J.S. by defendant's sexual organ, without the consent of J.S." Count two charged that he "intentionally or knowingly cause[d] the female sexual organ of J.S. to contact the defendant's sexual organ, without the consent of J.S." The BIA implicitly held that Rodriguez was convicted under subsection (a)(1) of section 22.011. The language of the indictment indeed tracks the language of subsections (a)(1)(A) and (C), specifically noting that the offense was committed "without the consent" of the victim. The indictment did not charge Rodriguez with sexual assault of a "child," which would be an offense under subsection (a)(2). The Government concedes that in determining whether Rodriguez has been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), which in turn refers to the definition of "a crime of violence" under 18 U.S.C. § 16, the indictment and record in the Texas court confine our consideration to an offense under section 22.011(a)(1).

Rodriguez's "Adjudication of Guilt" states that "[t]he Sex Offender Registration Requirements . . . do apply to the Defendant. The age of the victim at the time of the offense was 16 years of age." However, this statement does not indicate that the age of the victim was an element of the offense under which

---

[14] Tex. Penal Code Ann. § 22.011 (West 2002).

No. 10-60763

Rodriguez was convicted. Nor is this an "explicit factual finding by the trial judge to which the defendant assented."[15] Rodriguez did not plead guilty to the sexual assault of a child.[16]

Accordingly, the issue before this court is whether a conviction under section 22.011(a)(1) of the Texas Penal Code is categorically a crime of violence under § 16(b), and we must determine "whether the crime inherently involves a substantial risk that *intentional physical force* may be used in the commission of the crime" to answer that question.[17] Section 16(b) encompasses crimes that, while capable of being committed without the use of physical force, always entail a substantial risk that physical force—defined as "destructive or violent force"—may be used.[18] Rodriguez argues that two of the actions deemed to be "without consent" in section 22.011(a)(1)—where a mental health worker or clergyman exploits the emotional dependency of the victim—do not constitute crimes of violence.[19] We agree.

"[W]hen analyzing the operative phrase 'substantial risk,' it is not necessary that '[the risk] *must* occur in every instance; rather a substantial risk requires a strong probability that the event, in this case the application of

---

[15] *Larin-Ulloa*, 462 F.3d at 464 (quoting *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005)) (internal quotation marks omitted).

[16] *See id.* ("The use of these documents is permitted because they are considered sufficiently conclusive and reliable to establish the fact to which the alien actually pleaded guilty." (citing *Shepard v. United States*, 544 U.S. 13, 23 (2005))).

[17] *Id.* at 465 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004)).

[18] *Id.* (internal quotation marks and citation omitted).

[19] *See* Tex. Penal Code Ann. § 22.011(b)(9), (10).

physical force during the commission of the crime, will occur.'"[20] Section 16 "has both criminal and noncriminal applications," and thus, "the rule of lenity applies."[21] We therefore are "constrained to interpret any ambiguity in the statute in [Rodriguez's] favor."[22]

In *Leocal v. Ashcroft*,[23] the Supreme Court held that a conviction for driving under the influence (DUI) did not constitute a crime of violence under § 16(b). The Court reasoned that § 16(b) "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense" and focuses on "the risk that the use of physical force against another might be required in committing a crime."[24] The Court cited burglary as a prime example, stating that "burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime."[25]

Sexual assault of an adult with that person's actual assent but without legally effective consent under the circumstances described in subsections (9) and (10) of the Texas statute is more similar to a DUI than burglary because, unlike burglary, a sexual relationship that a clergyman has gained through

---

[20] *United States v. Galvan-Rodriguez*, 169 F.3d 217, 219 (5th Cir. 1999) (per curiam) (quoting *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995), *overruled on other grounds by United States v. Charles*, 301 F.3d 309, 314 (5th Cir. 2002) (en banc)).

[21] *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004).

[22] *Id.*

[23] 543 U.S. 1.

[24] *Id.* at 10.

[25] *Id.*

No. 10-60763

exploitation of emotional dependency is not a situation where there is a substantial risk that the offender will use force against the victim to complete the crime. Nor does there appear to be a substantial risk "destructive or violent" force may be used.[26]

Both parties cite this circuit's decision in *Zaidi v. Ashcroft*,[27] in which we analyzed whether an Oklahoma statute that criminalized "the intentional touching, mauling or feeling of the body or private parts of any person . . . *without the consent* of that other person" was a crime of violence under § 16(b).[28] Zaidi's charges arose from a night of drinking during which he inappropriately touched two women through their clothing while the women were either passed out or partially awake.[29] We held that the offense defined by the statute under consideration presented a "substantial" risk that "physical force will be used to complete the offense of sexual battery," because such an offense "carries with it the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint."[30] We said that in such cases, "'the non-consent of the victim is the touchstone for determining' whether a given offense

---

[26] *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 465 (5th Cir. 2006).

[27] 374 F.3d 357 (5th Cir. 2004) (per curiam).

[28] *Zaidi*, 374 F.3d at 360 (emphasis added).

[29] *Id.* at 358.

[30] *Id.* at 361 (quoting *United States v. Mack*, 53 F.3d 126, 128 (6th Cir. 1995), *abrogated by United States v. Wynn*, 579 F.3d 567 (6th Cir. 2009)) (internal quotation marks omitted).

No. 10-60763

involves a substantial risk that physical force may be used in the commission of the offense."[31]

We note that our decision in *Zaidi* relied, in part, on a Sixth Circuit case, *United States v. Mack*,[32] to support the proposition that sexual battery through deception is a crime of violence.[33]  In *United States v. Wynn*,[34] however, the Sixth Circuit concluded that *Mack* "is no longer good law" in light of the Supreme Court's decision in *Begay v. United States*.[35]  The *Wynn* court reasoned that the Ohio statute under which the defendant was convicted criminalized "a consensual sexual act between adults [that] would not be violent and aggressive by nature."[36]  The court gave as an example "a consensual sexual encounter between a woman and her 21-year-old adopted stepson."[37]  The Sixth Circuit held that a conviction under the Ohio statute at issue could not categorically be a crime of violence.[38]

Unlike the offense defined by the statute in *Zaidi*, during a sexual encounter with a physician or a clergyman, a victim could factually assent to the sexual relation, despite consent being deemed a legal nullity.  In such situations,

---

[31] *Id.* (quoting *Sutherland v. Reno*, 228 F.3d 171, 177 (2d Cir. 2000)).

[32] 53 F.3d 126 (6th Cir. 1995).

[33] *Zaidi*, 374 F.3d at 361 (quoting *Mack*, 53 F.3d at 128).

[34] 579 F.3d 567 (6th Cir. 2009).

[35] *Wynn*, 579 F.3d at 573 (citing *Begay v. United States*, 553 U.S. 137 (2008)).

[36] *Id.* at 574.

[37] *Id.*

[38] *Id.*

11

No. 10-60763

there is not a "substantial risk that physical force may be used" because there is not the same risk "that the victim may figure out what's really going on and decide to resist" as there would be if, as in *Zaidi*, a victim could wake up and resist an ongoing assault.[39]

Today's holding does not contradict our prior holdings concerning crimes of violence. We have held that indecency with a child younger than 17,[40] burglary of a habitation,[41] burglary of a nonresidential structure or vehicle,[42] and unauthorized use of a motor vehicle[43] all involve a substantial risk that physical force may be used. In deciding that indecency with a child as old as 17 is a crime of violence, we stressed that "such crimes typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures," as well as that the child "has very few, if any, resources to deter the use of physical force by an adult intent on touching the child."[44]

The Second Circuit similarly held that despite the possibility that a 17-year-old could be convicted for having sexual intercourse with his 15-year-old

---

[39] *Zaidi v. Ashcroft*, 374 F.3d 357, 358 (5th Cir. 2004) (per curiam).

[40] *United States v. Velazquez-Overa*, 100 F.3d 418, 421-22 (5th Cir. 1996).

[41] *United States v. Guadardo*, 40 F.3d 102, 103 (5th Cir. 1994) (citing *United States v. Cruz*, 882 F.2d 922, 923 (5th Cir. 1989)).

[42] *United States v. Ramos-Garcia*, 95 F.3d 369, 371 (5th Cir. 1996) (per curiam).

[43] *United States v. Galvan-Rodriguez*, 169 F.3d 217, 219 (5th Cir. 1999) (per curiam).

[44] *Velazquez-Overa*, 100 F.3d at 422.

girlfriend, all sexual intercourse with a minor is nonconsensual.[45]  The court reasoned that minors do not have the legal capacity to consent and that a statute involving a victim who is unable to give consent "inherently" involves a substantial risk that force may be used.[46]  The court explained that there is a substantial risk of force when there is age disparity, the victim has a physical or mental incapacity, or the defendant is in a position of authority over the victim.[47]  The Eighth Circuit also determined that intentional physical contact "between an adult 19 years of age or older and a child 14 years of age or younger" who undoubtedly have "differing physical and emotional maturity" carries a substantial risk of force being used.[48]

But the rationale of these cases cannot be stretched to encompass sexual relations between a clergyman and one receiving spiritual counseling or to sexual relations between a health care provider and a patient.  The sexual contact that is criminalized, though garnered through exploitation of emotional dependency, is not "substantially" likely to be met with force if assent is withdrawn.  While we stated in *Zaidi* that consent is the ultimate touchstone, that case addressed a statute that did not differentiate between factual and legal consent.[49]  Conversely, section 22.011 sets forth scenarios in which a victim could

---

[45] *Chery v. Ashcroft*, 347 F.3d 404, 408 (2d Cir. 2003).

[46] *Id.*

[47] *Id.* at 408-09.

[48] *United States v. Alas-Castro*, 184 F.3d 812, 813 (8th Cir. 1999) (per curiam).

[49] The statute at issue in *Zaidi* provided as follows:

No person shall commit sexual battery on any other person.  "Sexual battery" shall mean the intentional touching, mauling or feeling of the body or private

No. 10-60763

give factual assent that is rendered a legal nullity.  The sections of the Texas Penal Code on which Rodriguez relies are unlike child assault offenses because children are in both physically and emotionally inferior positions than adults seeking professional services from a clergyman or health care provider.

Though section 22.011 defines certain acts as being "without consent," we are applying a federal statute, 28 U.S.C. § 16(b), to a Texas Penal Code provision.  Deeming the actions described in section 22.011 to be "without consent" does not control whether an offense is a "crime of violence" under § 16(b).

*     *     *

For the foregoing reasons, we GRANT Rodriguez's petition and VACATE the order of removal.

---

parts of any person sixteen (16) years of age or older, in a lewd and lascivious manner and without the consent of that other person . . . .

*Zaidi v. Ashcroft*, 374 F.3d 357, 360 (5th Cir. 2004) (per curiam) (quoting OKLA. STAT. ANN. tit. 21, § 1123(b) (West 2002)) (internal quotation marks omitted).

No. 10-60763

EDITH BROWN CLEMENT, Circuit Judge, dissenting:

The majority concludes that convictions under § 22.011(a)(1) of the Texas Penal Code for circumstances described in subparts (b)(9) and (b)(10) are not aggravated felonies. It therefore applies the modified categorical approach, finds that the record does not establish that Rodriguez's crime of conviction was an aggravated felony, and vacates the BIA order finding him removable. Because I believe that a conviction under § 22.011(a)(1) is categorically for a crime of violence under 18 U.S.C. § 16, I respectfully dissent.

The majority compares the situations described in (b)(9) and (b)(10) to a DUI that results in personal injury to a third party, which the Supreme Court has held is not a crime of violence under § 16, and burglary, which the Court called "a classic example" of a crime of violence, because "by its nature" it entails a substantial risk that the perpetrator will use force against the victim in completing the crime.[1] *Leocal v. Ashcroft*, 543 U.S. 1, 10-11 (2004). It concludes that the sexual assaults criminalized in (b)(9) and (b)(10) are more similar to DUIs than burglaries because "a sexual relationship that a clergyman has gained through exploitation of emotional dependency is not a situation where there is a substantial risk that the offender will use force against the victim to complete the crime."[2] I believe that under the majority's analysis this conclusion

---

[1] This court has also held that burglary is a crime of violence. *United States v. Guadardo*, 40 F.3d 102, 103-04 (5th Cir. 1994).

[2] This conclusion that felony sexual assault is more similar to DUI than burglary does not find support in federal law. The federal felony murder law lists "sexual abuse" along with burglary as one of the crimes upon which first degree felony murder can be based; it makes no mention of DUI. 18 U.S.C. § 1111(a). DUI and sexual assault or abuse are not classified together or found in the same clause anywhere in the United States Code.

15

No. 10-60763

does not follow.    Moreover, I believe that the majority's analysis itself is incorrect.

Although the majority recognizes that our court has declared that non-consent of the victim is the touchstone for analyzing whether an offense involves a substantial risk of force, *see Zaidi v. Ashcroft*, 374 F.3d 357, 361 (5th Cir. 2004), it purports to draw a new distinction between cases where a victim could factually assent (even though she did not legally consent) and cases like *Zaidi*, where the victim could not factually assent because she was unconscious.    The majority believes that incidents where a victim factually consents do not pose a substantial risk of violence, while incidents involving an unconscious victim pose such a risk because the victim may regain consciousness and resist, leading the offender to use force to overcome that resistence.    But the majority's distinction between factual assent and legal consent becomes contorted when it attempts to reconcile its holding with our  precedent.    The majority assures us that this circuit's holding that indecency with a child is a crime of violence remains undisturbed.  But a child can factually assent to sexual conduct, even though she does not have the legal capacity to consent.[3]  By insisting that its holding today does not undermine any of our previous cases, the majority sets up a rather strange legal rule: If the victim does not factually assent, the offense is a crime of violence.  If the victim factually assents but consent is a legal nullity (such as

---

[3] Similarly, an offender who gains entry into a dwelling by fraud or trick can still be convicted of burglary under a "constructive breaking" theory, even though the landlord factually assented to the offender's entry. *See Martinez v. State*, 41 Tex. 126, 127 (1874) ("[T]o constitute this offense [of burglary] there must have been an actual or constructive breaking."); 13 Am. Jur. 2d *Burglary* § 13 (1994) ("Breaking in, which is an essential element of the crime of burglary, may be either actual or constructive.  Actual breaking in involves the application of physical force, however slight, to effectuate the entry.  Where the entry is gained by threats, fraud, or conspiracy, a constructive breaking in is deemed to have occurred.").

16

No. 10-60763

in the case of sexual assault by a clergyman), it is not a crime of violence, unless consent is a nullity because the victim lacks the capacity to give legal consent (such as in the case of indecency with a minor), in which case it *is* a crime of violence.

This contorted holding masks the real problem with the majority's conclusion, which is that the majority fails to explain why it believes that those who lack the capacity to consent are more likely to "figure out what's really going on and decide to resist" after they factually assent than those who have the capacity to consent, but for whom consent is a legal nullity. Because I do not believe that the majority can explain this disparity, I believe that even under the majority's analysis, § 22.011(b)(9) and (b)(10) describe crimes of violence.

To make non-consensual sexual touching through the clothing of an unconscious individual a "crime of violence" in *Zaidi*, this court relied on a substantial likelihood of three possibilities: (1) the victim might come to her senses, (2) the victim might decide to resist, and (3) the criminal might then resort to physical restraint. *See Zaidi*, 374 F.3d at 361. The question raised in the petition is whether a physician or clergyman who manipulates a patient or parishioner into engaging in factually consensual sex based on emotional dependence could run afoul of these three possibilities. The majority does not explain how these three possibilities are not at least plausible in such a context, but instead assumes them away based on the presence of factual assent. However, for the same reasons this court has not permitted an individual convicted of sexual assault of unconscious victims to avoid the crime of violence label, these legally non-consensual sexual relationships also pose a substantial risk of physical restraint.

17

First, if the case is being prosecuted, the victim of emotional manipulation at some point came to her senses – maybe even during intercourse. Second, because a victim who is manipulated into a factually assented-to relationship is physically conscious of the sexual transaction underway, she could certainly decide to resist in the midst of it. Finally, there is no indication that physicians or clergy are any more or less likely to resort to physical restraint than an assailant who touches the clothed body of an unconscious victim. An argument could even be made that an individual who touches a sleeping or unconscious victim will be deterred and avoid physically restraining such a victim when that victim awakes and decides she does not want to engage in the activity, while the person who manipulates consent will be prone to continue the action even if physical restraint becomes necessary. There is no support for the assertion that emotionally manipulated victims are any less likely to come to their senses and resist than unconscious victims or that physicians and clergymen who manipulate victims are any less likely to resort to physical restraint than other perpetrators. Even under the majority's analysis, an offender convicted under § 22.011(a)(1) for the circumstances described in (b)(9) or (b)(10) has committed a crime of violence.

More importantly, by focusing only on the risk that the offender may use additional physical force if the victim decides to resist, the majority overlooks the fact that sexual assault is itself intentional physical force. Under the majority's analysis, a cult leader who persuaded one of his followers to assent to a murder-suicide pact would not be guilty of a crime of violence because there would be little risk that the follower would figure out what is going on and need to be physically restrained *before* the leader shoots him dead. Unlike burglary, where

No. 10-60763

there is a risk that the offender will use force to facilitate the completion of the crime, the risk in felony sexual assault cases – or murder cases, or any crime of violence against the person – is that the offender will complete the crime. Burglary, "by its nature," involves a substantial risk of violence against a victim. *Leocal*, 543 U.S. at 10. Sexual assault, by its nature, involves violence against a victim.[4]

After the Court held in *Leocal* that a DUI that results in personal injury is not a crime of violence, the fact that felony sexual assault by its nature involves force against a victim does not necessarily mean that such sexual assault qualifies as a crime of violence under § 16, because a DUI resulting in injury also by its nature involves force that causes the injury. But *Leocal*, which the Court decided after our decision in *Zaidi*, gave no weight in its analysis to whether or not the victim assented or consented to the offender's conduct. In fact, although the victim injured by the drunk driver certainly did not assent to the driver's actions, the Court nevertheless concluded that the DUI was not a crime of violence as defined by § 16. Rather than focusing on the victim's conduct, as the majority does here, the Court focused on the offender's mental state. It held that § 16 "requir[es] a higher *mens rea* than the merely accidental or negligent conduct involved in a DUI offense," *Leocal*, 543 U.S. at 11, because it requires not only that the crime involve force or the substantial risk of force against the victim, but also that the offender "use" or threaten to use this force. 18 U.S.C. § 16. Interpreting the phrase "use of physical force" in § 16, it construed "use" to "suggest[] a higher degree of intent" than negligence. *Leocal*,

---

[4] Sexual assault of an adult is thus properly analyzed under § 16(a), which covers offenses that involve the use of physical force against a victim, while burglary, as an offense that involves only a risk of such force, is covered under § 16(b).

No. 10-60763

543 U.S. at 10. Based on this construction, the Court concluded that "[i]nterpreting § 16 to encompass accidental or negligent conduct would blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes." *Id.* at 11 (citation omitted). Thus the Court held that even though a DUI that results in personal injury necessarily involves force against a victim, it is not categorically a crime of violence, because the offender does not *use* that force.

Section 22.011(a)(1), on the other hand, criminalizes an offender's behavior only if it is undertaken "intentionally or knowingly." TEX. PENAL CODE § 22.011(a)(1). The offender's sexual conduct, for which he is convicted, must be deliberate. *Cf. Begay v. United States*, 553 U.S. 137, 145-46 (2008) ("[A] drunk driver may very well drink on purpose. But this Court has said that, unlike the example crimes, the conduct for which the drunk driver is convicted (driving under the influence) need not be purposeful or deliberate." (*citing Leocal*, 543 U.S. at 11 and *United States v. Begay*, 470 F.3d 964, 980 (10th Cir. 2006) (McConnell, J., dissenting in part), *rev'd and remanded*, 553 U.S. 137)). From the § 22.011(a)(1) offender's perspective, he intends to use or knows he is using force against the victim. And factual assent is no defense, because, under the Texas law, the offender must be *aware*, given the *mens rea* element, that the victim has not given legal consent.[5] *See* TEX. PENAL CODE § 22.011(a) ("A person

---

[5] Moreover, the offender is charged with knowledge of what constitutes legal consent under the Texas statute. *See United States v. Emerson*, 270 F.3d 203, 215-16 (5th Cir. 2001) (reasserting that "ignorance of the law is no excuse" absent the "limited" exception for conduct that is, among other things, "passive activity . . . [that] an average member of the community would not consider . . . blameworthy"); *cf. Bryan v. United States*, 524 U.S. 184, 193 (1998) (explaining that "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense," not "that the defendant knew that his [conduct] was unlawful"). Therefore, a physician or clergyman knows that if exploits a victim's emotional dependency,

No. 10-60763

commits an offense if the person (1) intentionally or knowingly [engages in sexual conduct with another person] without that person's consent."). Therefore, he knows he is forcing unconsented-to sexual penetration or other contact on his victim. Every conviction under § 22.011(a)(1) thus involves the *use* of physical force against the victim, whether or not the conviction involves the risk that the offender may use additional force to subdue the victim before he assaults her.

Because every crime under § 22.011(a)(1) is a deliberate use of physical force against the victim without her legal consent, every crime in the provision is a crime of violence as defined by 18 U.S.C. § 16. I would hold, therefore, that Rodriguez was necessarily convicted under § 22.011(a)(1) of an aggravated felony and this court lacks jurisdiction over his petition. I respectfully dissent.

---

she has not given him legal consent.

21