# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-20721
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2014

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AGUSTIN MORALES ALFARO, also known as Augustin Morales, also known as Agustin A. Morales, also known as Agustin Morales-Alfaro, also known as Augustine Morales,

Defendant - Appellant

Cons. w/ No. 13-20722

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AGUSTIN MORALES-ALFARO, also known as Agustin Morales, also known as Agustin A. Morales, also known as Agustin Morales Alfaro, also known as Augustine Morales, also known as Agustin Alfaro Morales, also known as Augustin Morales, also known as Agustine A. Morales, also known as Agustin M. Alfaro,

Defendant - Appellant

————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-746-1
USDC No. 4:13-CR-482-1

————————

No. 13-20721
c/w No. 13-20722

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Agustin Morales Alfaro appeals from his guilty-plea conviction for illegally reentering the United States after having been deported subsequent to a felony conviction and his 23-month sentence. He argues that he should not have received an eight-level increase under U.S.S.G. § 2L1.2(b)(1)(C) because his Texas conviction for burglary of a motor vehicle is not an "aggravated felony" for purposes of that guideline. He also appeals the revocation of a prior term of supervised release.

Morales's arguments challenging the eight-level enhancement are foreclosed by this court's holdings in *United States v. Ramos-Garcia*, 95 F.3d 369, 371-72 (5th Cir. 1996), and *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20-21 (5th Cir. 1995), *overruled on other grounds, as recognized in United States v. Turner*, 305 F.3d 349, 350 (5th Cir. 2002).

Morales presents no claims of error with respect to the revocation proceeding or sentence. Thus, he has abandoned any issues on appeal regarding the revocation judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.